UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – X
:
BRIAN FISCHLER, on behalf of himself and all     :
others similarly situated,                       :
:
            Plaintiffs,                          :
:        Case No. 1:20-cv-04132-MKB-CLP
        -against-                                :
:
CHRISTY DAWN, LLC,                               :
:
            Defendant.                           :
:
– – – – – – – – – – – – – – – – – – – – – – – – – – X

## CONSENT DECREE

1.    This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: BRIAN FISCHLER (hereinafter "PLAINTIFF") and Christy Dawn, LLC (collectively "CHRISTY DAWN"). Plaintiff and CHRISTY DAWN shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.    On or about September 3, 2020, Plaintiff filed this lawsuit in the U.S. District Court for the Eastern District of New York entitled *Brian Fischler v. Christy Dawn, LLC* (Docket No. 1:20-cv-04132-MKB-CLP (the "Action"). Plaintiff alleged, *inter alia,* that

1

DocuSign Envelope ID: C5806F1D6-E01C-400F-BAF9-89E880BAPCEC

CHRISTY DAWN's website, www.christydawn.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4.      CHRISTY DAWN expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYSCRL, NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, CHRISTY DAWN does not admit any wrongdoing.

5.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

6.      Plaintiff alleges that CHRISTY DAWN is a private entity that owns and/or operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that CHRISTY DAWN's Website is a service, privilege, or advantage of CHRISTY DAWN's physical location, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). CHRISTY DAWN denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

7.      This Court has jurisdiction over this Action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

2

## AGREED RESOLUTION

8.      Plaintiff and CHRISTY DAWN agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law that were raised or could have been raised in the Action. In resolution of the Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9.      "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10.      "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in CHRISTY DAWN's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether CHRISTY DAWN has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 15 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require CHRISTY DAWN to undertake efforts whose cost, difficulty or impact on its Website or business could constitute an undue burden, as defined in Title III of the ADA but as applied solely to CHRISTY DAWN's Website - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which CHRISTY DAWN operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website-related operations.

## TERM

11.      The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twelve (12) months from the Effective Date; or (2) the date,

DocuSign Envelope ID: C5806FD0-E61C-4001-BAF9-89E880BAFCEC

if any, that regulations are adopted by the United States Department of Justice for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12.    Pursuant to the terms of this Consent Decree, CHRISTY DAWN:

a.    Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein.  42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. §36.202(a);

b.    Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.202(b); and

c.    Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. §36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13.    CHRISTY DAWN shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in

DocuSign Envelope ID: C58061D0-E61C-4001-BAF9-69E880BAFCEC

the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    Within twelve (12) months of the Effective Date, CHRISTY DAWN shall ensure that the Website substantially conforms to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be reasonably accessible to persons with disabilities. Should the United States Congress, the United States Department of Justice, or the United States Supreme Court issue one or more rulings or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0 AA, CHRISTY DAWN shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

    b.    CHRISTY DAWN shall not be responsible for ensuring that third party content or plug-ins that are not owned or controlled by CHRISTY DAWN, but are otherwise located on the Website or linked to from any of the Website, are accessible or otherwise conform to WCAG 2.0 AA.

    c.    Between the Effective Date and twelve (12) months from the Effective Date, CHRISTY DAWN shall test the Website on a periodic basis with assistive technology such as screen readers and screen magnifiers, and with users with disabilities who use these technologies.

5

d.     If CHRISTY DAWN determines at any time during the twelve (12) month period beginning on the Effective Date that it no longer needs or desires to continue operating the Website, and to shut down or otherwise discontinue the use of the Website, it may do so without violating this Consent Decree.

## SPECIFIC RELIEF TO PLAINTIFF

14.     Plaintiff and CHRISTY DAWN have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website or otherwise raised or that could have been raised in the Action through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court for inspection and review in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

15.     The procedures set forth in Paragraphs 16 through 18 must be exhausted in the event that: (i) Plaintiff alleges that CHRISTY DAWN has failed to meet its obligations pursuant to this Consent Decree, or (ii) CHRISTY DAWN alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by CHRISTY DAWN in connection with such allegations until the following procedures have been exhausted.

16.     If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing at least the following information: (i) the alleged

6

act(s) of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action(s) sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument(s) supporting the position of the initiating party. Plaintiff shall notify CHRISTY DAWN in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. CHRISTY DAWN shall notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 21.

17.     Within thirty (30) days of either Party receiving notice as described in Paragraph 16, the other Party shall respond in writing to the notice. Within fifteen (15) days of receipt of the response, representatives of the Parties with knowledge of, responsibility for, and decision-making authority regarding the issue(s) of compliance/non-compliance raised in such notice shall meet by telephone, video conference, or in person, in an attempt to informally resolve the issue(s) raised.

18.     If a Party believes that one or more of the issues raised in its notice remains unresolved following thirty (30) days of the meeting referenced in Paragraph 17, it shall so notify the other Party. The Parties shall then each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

DocuSign Envelope ID: C58061Dd-E61C-4001-BAF9-69E880BAFCEC

19.     There will be no breach of this Consent Decree unless: (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) CHRISTY DAWN fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, CHRISTY DAWN shall not be obligated to remedy that item.

20.     Any of the time periods set forth in Paragraphs 16 through 19 may be extended by mutual agreement of the Parties.

21.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For Plaintiff:                Christopher H. Lowe
                              Lipsky Lowe LLP
                              420 Lexington Avenue
                              Suite 1830
                              New York, NY  10170-1830
                              Email: chris@lipskylowe.com
                              Phone: 212-518-1502

8

For CHRISTY DAWN:          Joshua S. Devore, Esq.
Dickenson Peatman & Fogarty P.C.
1455 1st Street, #301
Napa, California 94559
707.252.7122
jdevore@dpf-law.com

## MODIFICATION

22.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

23.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

24.     This Consent Decree contains the entire agreement of the Plaintiff and CHRISTY DAWN concerning the subject matter described herein and (other than the Settlement Agreement) no other statement, promise, or agreement, either written or oral, made by any party or agent of any party concerning the subject matter described herein that is not contained in this Consent Decree shall be enforceable.

25.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

9

DocuSign Envelope ID: C5806 FD0-E61C-4607-BAF9-69E880BAFCEC

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

26.     The Parties expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

27.     The signatories below represent that they have the authority to bind their respective Parties, Plaintiff and CHRISTY DAWN, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

28.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties.  This Consent Decree is signed freely by each party executing it.  The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

*[This Space Intentionally Left Blank]*

10

DocuSign Envelope ID: C9806 1D6-1e1C4b69-BAF9-69E880BAFCEC

Dated: 12/14/2020

DocuSigned by:

*Brian Fischler*

5B9128965DC54B2

**BRIAN FISCHLER**

Dated: November 11, 2020

**CHRISTY DAWN LLC**

By: _____

Its: _____ CEO _____

**APPROVED AS TO FORM AND CONTENT:**

Dated: 12/14/2020

**LIPSKY LOWE LLP**

By: _____
　　Christopher Lowe, Esq.
　　420 Lexington Avenue
　　Suite 1830
　　New York, NY 10170-1830
　　Email: chris@lipskylowe.com
　　Phone: 212-518-1502
　　*Attorneys for Plaintiff Brian Fischler*

Dated: November 16, 2020

**DICKENSON PEATMAN & FOGARTY P.C.**

By: _____
　　Joshua S. Devore, Esq.
　　1455 First Street, STE 301
　　Napa, California 94559
　　707.252.7122
　　jdevore@dpf-law.com
　　*Attorneys for Christy Dawn LLC*

11

## <u>COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE</u>

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1.      This Court has personal jurisdiction over Plaintiff and CHRISTY DAWN for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2.      The provisions of this Consent Decree shall be binding upon the Parties;

3.      Entry of this Consent Decree is in the public interest;

4.      This Consent Decree is for settlement purposes only and does not constitute an admission by CHRISTY DAWN of any of the allegations contained in the complaint filed by Plaintiff, or any other pleading or wrongdoing alleged in this Action, nor does it constitute any finding of liability against CHRISTY DAWN;

5.      Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6.      This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by or on behalf of Plaintiff based on, arising out of, or in connection with, the Action.

NOW THEREFORE, the Court approves this Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at  <u>Brooklyn, N.Y.</u> this  <u>15th</u> day of <u>December</u>, 2020.

s/ MKB 12/15/2020

UNITED STATES DISTRICT JUDGE

cc:  Counsel of record via CM/ECF

EXHIBIT A

DocuSign Envelope ID: 50ED22A677CD42BB-AEE4-394E797099090

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
BRIAN FISCHLER, Individually and on behalf of
all other persons similarly situated,

                        Plaintiff,        Case No. 1:20-cv-04132-MKB-CLP

       -against-

CHRISTY DAWN, LLC,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - ------------ X

## SETTLEMENT AGREEMENT AND RELEASE

This November 10, 2020 Settlement Agreement ("Agreement") is entered into between

Plaintiff Brian Fischler ("Plaintiff") and Defendant Christy Dawn, LLC ("Defendant")

(collectively the "Parties").

WHEREAS, Plaintiff filed an action in the United States District Court for the Eastern

District of New York (the "Court"), captioned *Brian Fischler v. Christy Dawn, LLC*, Case

Number: 1:20-cv-04132-MKB-CLP against Defendant for alleged violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, 28 C.F.R. Part 36 (the "ADA"); the

New York State Human Rights Law (the "NYSHRL"); the New York City Human Rights Law

(the "NYCHRL"); N.Y.C. Admin. Code §8-101 et seq.; and declaratory relief (the "Action"), as

a putative class action;

WHEREAS, Plaintiff asserts in the Action that Defendant operates a place of public

accommodation and that it operates a website www.christydawn.com ( the "Website") that are a

good or service of a place of public accommodation, as those terms are understood under the

ADA, NYSHRL, and NYCHRL; and

- 1 -

WHEREAS, Plaintiff asserts that the Website is not fully accessible to the visually impaired, and that it therefore violates the ADA, NYSHRL, and NYCHRL; and

WHEREAS, Defendant disputes Plaintiff's allegations and expressly denies that the Website is covered by the ADA or any other statute, regulation, or rule related to the accessibility of public accommodations to individuals with disabilities, that the Website is a place of public accommodation, and that Defendant has violated the ADA or any other accessibility or public accommodations laws by virtue of its operation of the Website or otherwise;

WHEREAS, the Parties have agreed to a full and complete settlement of the Action on an individual basis rather than a class basis, and acknowledge that this resolution serves all Parties' interests in that they desire to avoid further expense, time, effort, and the uncertainty of litigating a still-developing, and at times conflicting, area of law;

WHEREAS, Plaintiff and Defendant have agreed to a full and complete settlement of the Action and any and all issues pertaining to the accessibility of the Website for individuals with disabilities including, but not limited to the ADA, and any other federal, state, or local laws, regulations, or codes governing the accessibility of the Website for individuals with disabilities and/or any other accessibility issues, without any admission of liability by Defendant;

WHEREAS, the parties intend to have the Court approve a proposed consent decree which memorializes in part this Agreement, and further intend to have the Court retain jurisdiction over the matter, although the settlement will remain effective even if the Court does not approve it or requires modifications insofar as the Action will be dismissed and Defendant will remain obligated to make the "Settlement Payment" described below and to engage in the remediation work also described below;

- 2 -

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E7B7D9C9C

NOW THEREFORE, in consideration of the promises and mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as a full and complete settlement of the Action and any and all issues pertaining to the accessibility of the Website.

1. <u>General Release of Claims</u> For and in considering the promises, commitments and undertakings in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff releases and discharges Defendant, together with its past, present, and future officers, directors, employees, stockholders, parent entities, subsidiaries, affiliates, franchisees, sister entities, entities commonly owned in whole or part, counsel, insurers, re-insurers, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, each in their capacity as such (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action, but not including claims related to the enforcement of this Agreement. This release specifically applies to all claims regarding the accessibility of the Website as well as any application for any smartphone, tablet, or other similar devise associated with the Website, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen

- 3 -

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E7B7D9C9C

or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims"). Plaintiff acknowledges that he may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendant and Released Parties. Plaintiff covenants not to sue or to assert any other claims against the Released Parties that are released pursuant to this Agreement, and he acknowledges that he will be responsible for payment of the Released Parties' attorneys' fees, costs and disbursements if he violates that covenant.

2. Each Party, having consulted with counsel, is aware of the contents of Section 1542 of the Civil Code of the State of California. Section 1542 reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Each Party expressly waives and relinquishes all rights and benefits under that section and any law or legal principle of similar effect in any jurisdiction, with respect to the claims released hereunder.

3. Settlement Payment, Counter-executed Agreement and Stipulation of Dismissal The amount of consideration being paid pursuant to this Agreement is set forth in a separate side letter among counsel and is conditioned on both Parties executing this Agreement (the "Settlement Payment"). The Settlement Payment consists of any and all compensatory damages, statutory penalties, reasonable attorneys' fees, expenses, costs, including expert costs and any re-inspection cost, incurred or to be incurred in this matter, which are paid to Plaintiff's

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E787D9C9C

Counsel in lieu of statutory fees or penalties that might otherwise be recoverable under the ADA or otherwise applicable federal, state or local accessibility laws. After both Parties have executed this Agreement, Plaintiff agrees to execute a stipulation of dismissal, with prejudice, to be filed with the Court.

4. Definitions

    a. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this paragraph shall be subject to the dispute resolution procedures set forth in paragraph 8 of this Agreement. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic for its Website related operations

5. Actions Under this Agreement, Defendant will make modifications to the Website, and take certain other actions, calculated to enhance the existing level of accessibility of the Website by persons with vision disabilities.

    a. Website Modifications Within twelve (12) months after the Agreement's Effective Date as defined in Paragraph 19 (the "Modification Period"),

- 5 -

Defendant shall modify the Website as needed to achieve substantial conformance with the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria to the extent determined to be applicable, in such a manner so that the Website will be reasonably accessible to persons with vision disabilities. If Defendant is unable to achieve substantial conformance with the applicable WCAG standard despite having used Reasonable Efforts to achieve conformance within the twelve (12) month time period, it shall be deemed to have complied with its obligation under this Agreement. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations under this Agreement.

The Parties acknowledge that Defendant's obligations under this Agreement do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites which Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice

or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the efforts described above.

      b.         <u>Website Accessibility Notice Statement.</u> Within 30 days after the Modification Period, Defendant shall add a section or link to the Website labeled "Accessibility" which shall contain, at least, a statement setting forth the Website's compliance with the applicable WCAG standard and provide an email address, telephone number or link through which users of the Website can provide feedback regarding the Website's accessibility and address accessibility issues if any.

6. <u>Completing Actions</u> Within 30 days of doing so, Defendant shall notify Plaintiff's Counsel (via email is sufficient) that Defendant has fulfilled its obligations under Paragraphs 5.a-5.b. of this Agreement.

7. <u>Court's Continued Jurisdiction</u> The Parties agree that the Court shall have continued jurisdiction over this Action, including to enforce this Agreement. The Parties also intend to file and have 'so-ordered' a consent decree in this Action.

8. <u>Enforcement</u> If any of the Parties claim this Agreement or any portion of it has been violated ("breach"), excluding for Defendant's failure to pay the Settlement Payment as provided in paragraph 2(a), or for a breach of the obligations contained in the accompanying Consent Decree as provided in paragraphs 15-19 therein, the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than thirty (30) calendar days

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E7B7D9C9C

thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek enforcement of compliance with this Agreement from the Court. In the event that Plaintiff's counsel does not timely receive from Defendant the Settlement Payment in accordance with Paragraph 2, Plaintiff's counsel shall send a notice to cure to Defendant's counsel, and Defendant shall have five (5) days to cure the default and if it fails to do so Plaintiff may seek appropriate relief from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

9. <u>Scope</u> This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal or state law, other than those relating to the accessibility of the Website to individuals with vision disabilities.

10. <u>Authority</u> The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

11. <u>Confidentiality</u>

a. Plaintiff, for himself and his Counsel, agents and representatives, and Defendant, its Counsel, agents and representatives, agree that, they will not without the prior written consent of the other Party communicate, publish, display, discuss, disclose, reveal or characterize (directly or indirectly by innuendo or other means) in any way to anyone under any circumstances (i) this Agreement's monetary

-8-

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E787D9C9C

terms and (ii) the negotiations leading up to this Agreement, except (a) as may be required by Court Order or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to Plaintiff or Defendant's legal and financial advisors, in each case where such disclosure may be required for legitimate legal, business or tax purposes and where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement, (c) to any appropriate regulatory or tax authorities with jurisdiction over Plaintiff or Defendant, and (d) as otherwise may be required by law. Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet websites, chat room, instant messaging or any other similar medium). If Plaintiff or Defendant, or their respective Counsel, agents or representatives receive an unsolicited inquiry about this Agreement, the Action, any disputed matter, any released claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only that "the matter has been amicably resolved." If any Party shall be in material breach of the obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision. The Parties further agree that non-breaching Party shall be entitled to recover from the breaching Party his or its attorneys' fees and costs expended in any action or

-9-

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E787D9C9C

proceeding to enforce this Paragraph of this Agreement.

  b.  Notwithstanding Paragraph 11.a., Defendant and the Released Parties may disclose this Agreement and its contents to litigants and claimants who are claiming the Website is not accessible.

  12. <u>Counterparts and Plaintiff Executing the Agreement via DocuSign</u> This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures. As Plaintiff represents to be visually impaired, it is permissible for him to electronically sign the Agreement using DocuSign.

  13. <u>Notices</u> All letters, notices, requests, demands and other communication required or permitted to be given to the Parties under this Agreement shall be in writing, provided by email, facsimile, or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:

Christopher H. Lowe, Esq.
LIPSKY LOWE LLP
420 Lexington Avenue
Suite 1830
New York, New York 10170
212.392.4772
chris@lipskylowe.com

For Defendant:

Joshua S. Devore, Esq.
Dickenson Peatman & Fogarty P.C.
1455 First Street, STE 301
Napa, California 94559
707.252.7122
**jdevore@dpf-law.com**

  14. <u>Governing Law</u> The laws of the State of New York shall govern this Agreement without regard to conflicts or choice of law rules or principles. Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E7B7D9C9C

15. <u>Waiver</u> If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

16. <u>Non-Assignment</u> Plaintiff represents and warrants that he has the full legal right to enter into this Agreement on his own behalf and that he has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

17. <u>Representation by Plaintiff's Attorney</u> Plaintiff's attorney, Christopher Lowe, represents and warrants that as of the time he executed this Agreement for the purpose of making representations set forth in this paragraph, he and his law firm: (1) are not representing any person other than Plaintiff who has or may have a claim against Defendant arising under the ADA or any other statute or regulation protecting disabled persons; and (2) has no potential clients who have or may have a claim against Defendant arising under the ADA or any other statute or regulation protecting disabled persons.

18. <u>Non-admission of Wrongdoing</u> The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement or the undertaking of any actions by Defendant as provided herein shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

19. <u>Effective Date</u> This Agreement shall become effective on the date Plaintiff signs it,

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E78709C9C

and it shall remain effective during the entire Modification period.

20. <u>Amendment</u> This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

21. <u>Successor and Assigns</u> This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

22. <u>Construction of Agreement</u> The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter. The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

23. <u>Severability</u> If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except paragraph 1 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.

//

//

//

//

//

//

//

//

-12-

DocuSign Envelope ID: B0EDE2A0-7FCD-42BD-AEE4-394E7B7D9C9C

24.   Integration and Modification This Agreement and the accompanying Consent Decree and Settlement Payment side letter contain all of the representations, promises, and understandings of the parties. No other agreements or understandings exist except as set forth therein.

Intending to be legally bound the Parties have executed this Agreement.

BRIAN FISCHLER

*Brian Fischler*

Dated: 12/14/2020


CHRISTY DAWN LLC

By: *C BSL*

Aras Baskauskas
Title: Manager

Dated: November 11 ,2020


**Approved as to Form, and Above Assurances Made By:**

**LIPSKY LOWE LLP**

Christopher H. Lowe, Esq.

Dated: 12/14/2020


**Approved as to Form:**
**DICKENSON PEATMAN & FOGARTY, P.C.**

Joshua S. Devore, Esq.

Dated: November 12, 2020

-13-